UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERLIN B.A.,[1] | No. 1:26-cv-03624-TLN-CSK |
| Petitioner, | A# 249-232-070 |
| v. | |
| WARDEN OF THE MESA VERDE DETENTION FACILITY, et al., | **ORDER** |
| Respondents. | |

This matter is before the Court on *pro se* Petitioner Erlin B.A.'s ("Petitioner") Petition for Writ of Habeas Corpus ("the Petition"). (ECF No. 1.)  Respondents filed a Motion to Dismiss with supplemental documents. (ECF Nos. 9, 10.)  For the reasons set forth below, the Motion to Dismiss is DENIED, the Petition is GRANTED, and Respondents are ordered to IMMEDIATELY RELEASE Petitioner.[2]

---

[1]    The Court omits Petitioner's full name to protect sensitive personal information.  *See* Memorandum Re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

[2]    The Court does not need a reply to rule and therefore issues this Order before the reply deadline to avoid further irreparable harm and delay in requested relief.

1

## I.    FACTUAL BACKGROUND

This matter arises out of Petitioner's challenge to his civil immigration detention.  About February 24, 2024, Petitioner entered the United States as a minor and turned himself into immigration authorities.  (ECF No. 1 at 5.)  Immigration authorities detained Petitioner for about a month, until they released him to his sister in the United States.  (*Id.*; ECF No. 10-1 at 3.)

Over the last two years, Petitioner has established a life in Florida, including living with or near family and working in construction.  (ECF No. 1 at 5.)  Petitioner is not subject to an order of removal.  He also asserts he has no criminal record in the United States nor his home country (*Id.* at 6); Respondents do no refute that claim (*see* ECF No. 9) and submit documents which appear to corroborate Petitioner (*see* ECF No. 10-1 at 4).

However, on March 5, 2026, local law enforcement arrested Petitioner for wearing a mask on public property.  (*Id.* at 4.)  Petitioner states, and Respondents do not refute, that law enforcement did not pursue charges after the arrest.  (ECF Nos. 1 at 6; 9; 10.)  On March 6, 2026, U.S. Immigration and Customs Enforcement ("ICE") issued a detainer for Petitioner.  (ECF No. 10-1 at 3.)  Thereafter, ICE took custody of Petitioner and instituted removal proceedings against him.  (*Id.* at 3, 8.)  Those proceedings are ongoing.

Petitioner has now been in custody for over ten weeks without a bond hearing or other individualized custody hearing as to his detention.  (ECF No. 1 at 2, 5, 17.)  Petitioner alleges his civil immigration detention without a hearing is unconstitutional.  (ECF No. 1.)

## II.    STANDARD OF LAW

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2).  "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).  A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law.  28 U.S.C. § 2241(c)(3).  Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its

protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, a district court's habeas jurisdiction includes challenges to immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

### III.    ANALYSIS

Petitioner claims his detention without a bond hearing violates the Fifth Amendment Due Process Clause. (ECF No. 1 at 16–17.) The Fifth Amendment prohibits government deprivation of an individual's life, liberty, or property without due process of law. U.S. Const. amend. V; *Hernandez v. Sessions*, 872 F.3d 976, 990 (9th Cir. 2017). The Due Process Clause applies to all "persons" within the borders of the United States, regardless of immigration status. *Zadvydas,* 533 U.S. at 693. These due process rights extend to immigration proceedings and detention. *Id.* at 693–94.

Courts examine procedural due process claims in two steps: the first asks whether there exists a protected liberty interest under the Due Process Clause, and the second examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution. *See Kentucky Dep't of Corrections v. Thompson*, 490 U.S. 454, 460 (1989); *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972) ("Once it is determined that due process applies, the question remains what process is due.").

### A.  Liberty Interest

As for the first step, the Court finds Petitioner has a protectable liberty interest. "[F]reedom from imprisonment is at the 'core of the liberty protected by the Due Process Clause.'" *Hernandez*, 872 F.3d at 993 (citing *Foucha v. Louisiana*, 504 U.S. 71, 80 (1992)). "Even where the revocation of a person's freedom is authorized by statute, that person may retain a protected liberty interest under the Due Process Clause." *See Rico-Tapia v. Smith*, No. 25-CV-00379 SASP-KJM, 2025 WL 2950089, at *8 (D. Haw. Oct. 10, 2025). Liberty interest may be strengthened over time. *See, e.g., Doe v. Becerra*, 787 F. Supp. 3d 1083, 1093 (E.D. Cal. 2025) (noting the Government's actions in allowing petitioner to remain in the community for over five years strengthened petitioner's liberty interest).

Petitioner has a clear liberty interest here. *See Rico-Tapia v. Smith*, No. CV 25-00379 SASP-KJM, 2025 WL 2950089, at *8 (D. Haw. Oct. 10, 2025) (noting "[e]ven where the revocation of a person's freedom is authorized by statute, that person may retain a protected liberty interest under the Due Process Clause"). He has resided in the United States for over two years, where he has family, and works to support himself. Moreover, "the government's decision to release an individual from custody creates 'an implicit promise,' upon which that individual may rely, that their liberty 'will be revoked only if [they] fail[ ] to live up to the . . . conditions [of release]." *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. July 24, 2025) (quoting *Morrissey*, 408 U.S. at 482) (modifications in original); *see also Salcedo Aceros v. Kaiser*, No. 25-CV-06924-EMC, 2025 WL 2637503, at *6 (N.D. Cal. Sept. 12, 2025) ("[A] noncitizen released from custody pending removal proceedings has a protected liberty interest in remaining out of custody.").

In opposition, Respondents argue Petitioner has no right to freedom because his detention is mandated by statute. (ECF No. 9 at 2 (citing *Shaughnessy v. United States ex rel. Mezei*, 345 U.S. 206, 212 (1953), *reaffirmed in DHS v. Thuraissigiam*, 591 U.S. 103, 139 (2020)).) However, "*Thuraissigiam*'s discussion of due process is necessarily constrained to challenges to admissibility to the United States" and "[t]he Court answered no broader question." *Padilla v. ICE*, 704 F. Supp. 3d 1163, 1171–72 (W.D. Wash. 2023). *Thuraissigiam* "does not foreclose . . . due process claims which seek to vindicate a right to a bond hearing with certain procedural protections." *Id.* at 1172. Moreover, even if Petitioner is removable, or his liberty is revocable, he is still entitled to safeguards throughout those processes. *See Hernandez*, 872 F.3d at 993; *Zadvydas*, 533 U.S. at 693; *Rico-Tapia*, 2025 WL 2950089, at *8.

In any event, the statute does not mandate Petitioner's detention. Indeed, "Respondents recognize that the majority of judges in the Eastern District of California have rejected the argument . . . that Petitioner is an 'applicant for admission' who is subject to mandatory detention by ICE under 8 U.S.C. § 1225(b)." (ECF No. 9 at 2.) Respondents are correct, and they supply no new argument or distinguishing facts to reconsider this Court's position, thus, the Court once again rejects Respondents' argument.

Consistent with this Court's copious prior rulings, and other courts across the Ninth Circuit, the Court finds Petitioner is not an applicant for admission subject to mandatory detention under § 1225(b)(2); rather, Petitioner's detention is governed by § 1226(a) and he is entitled to the process required by that provision including a bond hearing.[3] *See Morales-Flores v. Lyons*, No. 1:25-CV-01640-TLN-EFB, 2025 WL 3552841, at *3 (E.D. Cal. Dec. 11, 2025) (explaining this Court's reasons for taking this position and collecting cases); *Salcedo Aceros v. Kaiser*, No. 25-CV-06924-EMC, 2025 WL 2637503, at *8 (N.D. Cal. Sept. 12, 2025) (collecting cases).

Thus, Petitioner maintains his liberty interest protected by the Due Process Clause. The Court next turns to the procedural safeguards that were owed to Petitioner.

### B. Procedures Required

As to the second step — what procedures or process is due — the Court considers three factors: (1) "the private interest that will be affected by the official action;" (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards;" and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).

First, as explained above, Petitioner has a substantial private interest in his own liberty that is unquestionably affected by Respondents' actions detaining him. Despite his interest in maintaining his liberty, Petitioner has now been detained for over ten weeks without any opportunity to be heard as to the justification of his detention. He is unable to work and is separated from his family. Accordingly, this factor weighs in favor of finding Petitioner's private interest has been impacted by his detention. *See Manzanarez v. Bondi*, No. 1:25-CV-01536-DC-

---

[3]    8 U.S.C. § 1226(a) governs standard removal proceedings under section 240 of the Immigration and Nationality Act ("INA") (*see Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1196 (9th Cir. 2022); *Noori v. LaRose*, 807 F. Supp. 3d 1146, 1157 (S.D. Cal. 2025)), while 8 U.S.C. § 1225(b) governs expedited removal proceedings. The two statutes cannot be applied simultaneously. *See Salcedo Aceros v. Kaiser*, No. 25-CV-06924, 2025 WL 2637503, at *8 (N.D. Cal. Sept. 12, 2025). Here, Petitioner's charging document states that his removal proceedings are "under section 240 of the [INA]," therefore, Petitioner falls squarely within standard removal proceedings governed by § 1226(a). (ECF No. 10-1 at 8.)

CKD (HC), 2025 WL 3247258, at *4 (E.D. Cal. Nov. 20, 2025) (finding similarly).

Second, the risk of erroneous deprivation is considerable given Petitioner has not received any process, either pre- or post-detention. Because civil immigration detention is "nonpunitive in purpose and effect," a "special justification" must outweigh Petitioner's protected liberty interest in order for detention to comport with due process. *Zadvydas*, 533 U.S. at 690. Where removal is not imminent under a final order of removal, "[t]he government has no legitimate interest in detaining individuals who have been determined not to be a danger to the community and whose appearance at future immigration proceedings can be reasonably ensured by [ ] bond or alternative conditions." *Hernandez*, 872 F.3d at 994. Here, Petitioner is not subject to any order of removal; his immigration proceedings — which were only instituted after his detention — are still pending. Petitioner asserts, and Respondents do not dispute, that he has never been convicted of a crime. Moreover, Respondents do not contend that Petitioner is a danger or a flight risk. Indeed, immigration authorities would have found that Petitioner was not a danger or a flight risk in order to release him from custody in 2024. Respondents do not point to any criminal history or other facts to determine changed circumstances. Without any showing of a legitimate interest to detain Petitioner, the Court finds there is a serious likelihood Petitioner was erroneously deprived of his liberty interest. Without any procedural safeguards, the probative value of additional procedural safeguards is high. *R.D.T.M.*, 2025 WL 2617255, at *4.

Finally, the government's interest is low, and the effort and cost required to provide Petitioner with procedural safeguards are minimal. *See Garcia v. Andrews*, No. 2:25-CV-01884-TLN-SCR, 2025 WL 1927596, at *5 (E.D. Cal. July 14, 2025). Although the Court recognizes the government's interest in immigration enforcement, that interest does not outweigh all procedural safeguards. Notice and custody determination hearings are routine processes for Respondents. Indeed, they are the very processes owed to Petitioner under 8 U.S.C. § 1226(a). Any delay in detention (if justified) for the time to provide notice and a hearing would have been minimal. Any burden associated with the provision of these processes does not outweigh Petitioner's substantial liberty interest and the risk of erroneous deprivation.

At a minimum, due process required notice and a hearing as to Petitioner's detention.

Respondents have not provided Petitioner with any hearing, either pre- or post-detention, over ten weeks of custody. Therefore, Respondents violated the Fifth Amendment and Petitioner's procedural due process rights.

**IV.    CONCLUSION[4]**

Petitioner is detained in violation of the Fifth Amendment and he must be released. Accordingly, IT IS HEREBY ORDERED:

1. Respondents' Motion to Dismiss (ECF No. 9) is DENIED.

2. The Petititon for Writ of Habeas Corpus (ECF No. 1) is GRANTED.[5]

3. Respondents must IMMEDIATELY RELEASE Petitioner Erlin B.A. (A# 249-232-070) from custody under the same conditions he was released prior to his current detention. At the time of release, Respondents must **provide a copy of this Order to Petitioner** and return all of Petitioner's documents and possessions.

4. **Respondents must file a notice of compliance with this Order by May 20, 2026.**

5. To avoid further irreparable harm and protect the public interest, Respondents are ENJOINED from re-detaining Petitioner absent compliance with constitutional protections, including a minimum of seven-days' notice and a pre-deprivation hearing before a neutral fact-finder where: (a) Respondents show material changed circumstances demonstrate a significant likelihood of Petitioner's removal in the reasonably foreseeable future, or (b) Respondents demonstrate by clear and convincing evidence that the government's interest in protecting the public or ensuring Petitioner appears at future immigration proceedings outweighs his constitutionally protected interest in remaining free from detention. *Zadvydas*, 533 U.S. at 690; *Hernandez*, 872 F.3d at 990. At any such hearing, Petitioner shall be allowed to have counsel present.

---

[4]    Respondents request the Court hold this case in abeyance until the Ninth Circuit rules on *Rodriguez Vasquez v. Bostock*, 779 F.Supp.3d 1239 (W.D. Wash. 2025), which may have precedential effect on one issue in case. (ECF No. 9 at 2.) The Court declines to delay relief on the prospective chance a pending appeal could change the outcome of one issue.

[5]    Petitioner also seeks an award of attorney's fees and costs under the Equal Access to Justice Act. (ECF No. 1 at 17.) The Court will consider any timely filed request for fees and costs on a properly noticed and supported motion.

6. The Clerk is directed to serve this Order on the **Mesa Verde Detention Facility.**

7. The Clerk of the Court shall enter judgment in favor of Petitioner and close this case.

IT IS SO ORDERED.

Date: May 19, 2026

_____
TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE